EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff–Counter Defendant–Appellee–Cross–Appellant,

v.

K&B LOUISIANA CORPORATION, Doing Business as Rite Aid Corporation, Defendant–Counter Claimant–Appellant–Cross–Appellee.

No. 02–30960.

United States Court of Appeals,
Fifth Circuit.

Sept. 16, 2003.

the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Paula R. Bruner, Washington, DC, for Plaintiff–Counter–Defendant–Appellee–Cross–Appellant.

George Davidson Fagan, Leake & Andersson, New Orleans, LA, for Defendant–Counter–Claimant–Appellant–Cross–Appellee.

Before JOLLY, SMITH, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM.*

The EEOC sued, alleging that K&B Louisiana Corporation engaged in unlawful discrimination for failing to rehire Johnny Williams on the basis of her sex. After a bench trial, the court ruled that K&B had engaged in an unlawful employment practice, refused injunctive relief, and ordered each side to bear its own costs and attorney's fees. K&B appeals on various grounds, including its assertion that there was no direct evidence of discrimination; K&B also seeks fees and costs. The EEOC cross-appeals the decision not to award injunctive relief.

We have read the briefs and pertinent portions of the record and have heard the arguments of counsel, and have consulted the applicable caselaw. We find no reversible error. There was certainly direct evidence of sex-based discrimination, including an admission by K&B's manager that he preferred to hire men for a particular post. Consequently, the EEOC did not have to prove that Williams was qualified. The district court was well within its discretion in declining injunctive relief. The court's refusal to shift costs or attorneys

fees is a fair resolution of this matter, which badly needs to be put to rest.

The judgment is AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

